Joseph S. KANE

v.

**UNION OF SOVIET SOCIALIST REPUB-LICS, Amtorg Trading Corporation and Haenn Ship Ceiling and Refitting Corporation, Black Sea State Steamship Line, Appellant.**

No. 16677.

United States Court of Appeals
Third Circuit.

Argued March 19, 1968.

Decided May 8, 1968.

As Corrected June 7, 1968.

Michael B. Standard, New York City (William L. Standard, New York City, A. Harry Levitan, Philadelphia, Pa., Rabinowitz & Boudin, New York City, on the brief), for appellant.

Martin J. Vigderman, Freedman, Borowsky & Lorry, Philadelphia, Pa., for appellee.

Before BIGGS, McLAUGHLIN and FORMAN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

The appellant Black Sea State Steamship Line appeals from the denial by the court below of its motions to set aside service of process and reopen a default judgment entered against it. The facts are as follows. On January 4, 1946, the S. S. Mikhail Kutuzov, operated by Black Sea, was in the Port of Philadelphia. The husbanding services for the vessel were performed by Moore-McCormack Lines, Inc. ("Mor-mack"). On the date last stated appellee Kane was injured aboard the Kutuzov while performing

duties as a longshoreman. A "Ship's Agency Agreement", effective October 1, 1946, was entered into between, *inter alia*, Black Sea and Mor-mack providing in part that Mor-mack should "take all necessary steps to protect the interest of the vessel in connection * * * with all claims that may be made against the vessel."

On November 30, 1949, Kane filed suit against the Union of Soviet Socialist Republics, the owner of the Kutuzov, against Amtorg Trading Corporation, a commercial representative of the U.S.S.R. in the United States, and against Haenn Ship Ceiling and Refitting Corporation, a Philadelphia concern which performed refitting work aboard the ship when it was in the Port of Philadelphia in January of 1946. Kane sought recovery for his injuries alleging the unseaworthiness of the vessel and the negligence of the operators of the vessel. The libel was dismissed as to Amtorg and Haenn, a default was entered against the U.S.S.R., and on January 21, 1952, Kane amended the libel to add Black Sea as a party. On February 28, 1952, a citation and a copy of the amended libel was deposited at the office of Mor-mack as agent in the Eastern District of Pennsylvania for Black Sea. On March 31, 1952, Kane requested that a default judgment be entered against Black Sea whereupon the District Court instructed Kane to give notice of the hearing on the default to Black Sea. On the same day Kane notified Mor-mack that he would move for a default decree on April 7, 1952, before the District Court. Mor-mack notified Kane that the matter had been referred to Amtorg.[1] At the hearing on the motion for default, which took place on September 25, 1952, Black Sea did not make an appearance and, on the following day, was adjudged in default. On February 4, 1960, a final decree was entered in favor of Kane awarding him damages in the amount of $49,231.92. Kane has been unable to collect this judgment or any part thereof. On June 13, 1966, Black Sea filed the motion, presently in dispute,

to set aside service of process and open the judgment. Black Sea contended that Mor-mack was not authorized to receive service of process for Black Sea and that Black Sea had and has insufficient contacts with the Eastern District of Pennsylvania to allow the District Court to constitutionally accept jurisdiction over the lawsuit. As noted, the District Court denied the motions.

 We agree that Black Sea had sufficient contacts within the Eastern District of Pennsylvania to establish *in personam* jurisdiction over Black Sea, McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), and that the service of process was properly effected under Rule 4(d), Fed.R.Civ.Proc., 28 U.S.C.

The judgment will be affirmed.

---

1. Amtorg was an agent for nine economic organizations organized under the laws of the Union of Soviet Socialist Republics, including Black Sea.